**SO ORDERED: June 27, 2007.**

_____
**Frank J. Otte
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
IN RE:                        )
                              )
MARK KENNETH ULBRICH          )  CASE NO.05-32547-FJO-7A
        Debtor                )
_____)
```

### ORDER

This matter came before the Court upon the filing of the Motion to Compromise and Settle Claim filed by the Chapter 7 Trustee on March 22, 2007.  The Court held a hearing on this matter on May 14, 2007 and concluded with a hearing on June 4, 2007.

The Chapter 7 case was filed on October 16, 2005.  The Debtor listed on Schedule B the law suit with Baker Machinery and valued the litigation at $0.00.

The Trustee conducted the meeting of creditors on January 31, 2006.  The Trustee asked the Debtor about pending litigation.  The

1

Debtor mentioned the Baker Machinery litigation. The Debtor's bankruptcy counsel explained the status of the litigation. Kevin Betz, the Debtor's state court counsel for this litigation, explained in detail the nature of the lawsuit - the amount of the claim for back wages and the related attorney fees. Kevin Betz on behalf of Betz and Associates is a creditor in this estate as a result of the fees incurred in the state court litigation.

The Trustee, during the meeting of creditors, directed the Debtor to file an amended Schedule B giving more detail as to the litigation with Baker Machinery and the Debtor's claim back against Baker Machinery. Less than two weeks after the meeting of creditors, the Debtor, on February 9, 2006, filed an amended Schedule B listing his interest in the Baker Machinery litigation as follows:

> 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each.
>
> **Counterclaim against Baker Machinery in Baker Machinery v. Salzman & Ulbrich, Cause No. 49D13-0201-CC-000124. Claim revolved around employment agreement. Baker Machinery suing Debtor for approximately $23,000.00 for alleged overpayment of wages/draw. Debtor has counterclaimed for unpaid amounts of approximately $25,000.00 plus attorney fees of approximately $89,000.00. Debtor is represented by Betz & Associates, One Indiana Square, Suite 1000, Indianapolis, IN, 46204.**
>
> Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption:
> **Unknown**

The Debtor, also on February 9, 2006, filed an amended Schedule C listing as exempt the Debtor's interest in the lawsuit with Baker Machinery, Inc.

The Trustee filed a Report of No Distribution on June 29, 2006 wherein the Trustee stated as follows:

> TRUSTEE'S REPORT OF NO DISTRIBUTION: Trustee of this estate reports and certifies that the trustee has performed the duties required of a trustee under 11 U.S.C. 704 and has concluded that there are no assets to administer for the benefit of creditors of this estate. Trustee has received no funds or property of the estate, and paid no monies on account of the estate. Wherefore, the trustee prays that this report be approved and the trustee be discharged from office. (June 29, 2006 entry - docket entry #10)

Based on the Trustee's Report No Distribution, the Court entered the Order in No Asset Case on August 1, 2006 abandoning any property of the estate and discharging the Trustee from her duties. The case was closed on August 21, 2006.

The Trustee filed a Motion to Reopen this case on January 10, 2007 to administer the Debtor's claim against Baker Machinery, Inc. which the Trustee valued at $3,000.00 - $5,000.00. On January 31, 2007, the Trustee filed a Notice of Possible Assets and Notice of Abandonment of Property indicating that all scheduled assets will be abandoned except for the

Debtor's interest in his personal injury case, although the case with Baker Machinery, Inc. is not a personal injury case.

On March 22, 2007, the Trustee filed the Motion to Compromise and Settle Claim wherein the Trustee asserts that prior to filing the petition, the Debtor was maintaining a wrongful discharge type claim against Baker Machinery, Inc.; that as a result of the Debtor's bankruptcy filing, the claim became property of estate; that an offer of settlement of $5,000.00 has been tendered to the Trustee by Baker Machinery, Inc. which she believes to be reasonable and in the best interest of the estate to accept.  The Trustee proposes that the payment of $5,000 be in full and complete settlement of the claim and requests that the court approve a  settlement by the Trustee of $5,000.00 of a claim asserted by the Debtor against Baker Machinery, Inc.

Kevin Betz of Betz & Associates filed an Objection to the Motion to Compromise and Settle.  Mr. Betz asserts that the trustee has on two occasions abandoned the underlying lawsuit and therefore, it is no longer property of the estate.  Mr. Betz alleges that the Trustee conducted little, if any, evaluation as to the value of the lawsuit since prior to filing the Motion, she never contacted counsel in the underlying lawsuit to discuss the value of the case.

The Court finds that the Debtor had scheduled the lawsuit on Schedule B.  The Debtor and Debtor's two counsels at the meeting

of creditors provided complete answers to the Trustee as to the details of the litigation as evidenced by the recording from the meeting of creditors which this Court listened to several times. Pursuant to the Trustee's request, the Debtor filed an Amended Schedule B listing the nature of the litigation and amounts claimed by the Debtor in said litigation.  It is clear that the Debtor did properly schedule and disclose the existence of the lawsuit with sufficient specificity to put this Court, the Trustee, and all creditors or other interested parties on notice of its existence.

The Trustee filed a report of No Distribution on June 29, 2006 prompting the Court to enter the Order in No Asset Case on August 1, 2006 which abandoned any scheduled property, which would include the scheduled lawsuit.

The Trustee reopened the case to pursue the settlement of the Baker Machinery litigation.  The Trustee has never contacted the Debtor or Debtor's counsels to discuss the details of the litigation before proposing this settlement.

Based upon the foregoing, this Court finds that the Debtor did list the Baker Machinery litigation on his schedules, the Trustee abandoned the litigation with Baker Machinery on two occasions, and the Baker Machinery litigation is no longer property of the estate for this Trustee to administer.

It is, therefore ORDERED, ADJUDGED and DECREED that the

Motion to Compromise and Settle should be and hereby is DENIED because the lawsuit is no longer property of the estate.

###